## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KATIE TOY,

                    Plaintiff,

     vs.                                     Civil Action No.  2:23-cv-1217

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

                    Defendant.

## COMPLAINT

AND NOW, comes the Plaintiff, KATIE TOY, by and through her attorney, Brian Patrick Bronson, Esquire, and the Quatrini Law Group, P.C., and files this Complaint in Civil Action in the Federal District Court for the Western District of Pennsylvania, stating as follows:

## INTRODUCTION

### NATURE OF THIS ACTION

1.     This action is filed pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereinafter referred to as "ERISA") and the Declaratory Judgment Act, 28 U.S.C. §§2201, 2202.  Ms. Toy (hereinafter "Plaintiff") is a participant in an employee welfare benefit plan (hereinafter referred to as "The Plan") which is administered pursuant to an insurance policy issued by Reliance Standard Life Insurance Company.  The Plan is governed by ERISA.  Plaintiff is a beneficiary under the Plan. This Complaint challenges the Plan's unlawful practice of failing to provide Plaintiff

with the timely payment of Long Term Disability benefits under the Plan. Specifically, Plaintiff is filing this action to enforce her rights under the Plan and for attorney fees, interest and costs as provided by ERISA.

## JURISDICTION AND VENUE

2.     This Court has Original Jurisdiction to hear this Complaint and to adjudicate the claims herein pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

3.     Venue is proper in this Court, as the Plan was administered in the Western District of Pennsylvania.

## PARTIES

4.     The Plaintiff, Katie Toy, currently resides at 111 Golf Hill Lane, La Follette, TN 37766, and previously resided at 118 West Main Street, Worthington, PA 16262, Armstrong County.

5.     The Defendant, Reliance Standard Life Insurance Company, is the Claims Administrator of Long Term Disability claims and is located at 2001 Market Street, Suite 1500, P.O. Box 8330, Philadelphia, PA 19101.

6.     Defendant administered employee benefits, mainly Long Term Disability benefits, under the Plan in accordance with the insurance policy issued to the Plan by the Claims Administrator.

**STATEMENT OF FACTS**

7.    The Plaintiff, Ms. Katie Toy, last worked for Dollar General Corporation as a Store Manager on or about February 3, 2020, wherein she stopped working due to diagnoses, symptoms, and functional limitations of Brain Tumor; Right-Sided Weakness and Paralysis; Balance Issues; Headaches; Fatigue; High Blood Pressure; Hypothyroidism; Back and Hip Pain; Degenerative Disc Disease; Spinal Stenosis; and Spondylolisthesis.

8.    By letter dated June 2, 2020, Defendant denied Plaintiff's claim for Long Term Disability benefits.

9.    Plaintiff, by and through her attorney, Brian Patrick Bronson, Esquire, filed a timely and responsive appeal by letter dated July 30, 2020.

10.    By letter dated August 25, 2020, Defendant upheld their decision to deny Plaintiff's claim for Long Term Disability benefits.

11.    Plaintiff, by and through her attorney, Brian Patrick Bronson, Esquire, filed a timely and responsive appeal by letter dated December 18, 2020.

12.    By letter dated January 12, 2021, Defendant approved Plaintiff's claim for Long Term Disability benefits.

13.    By letter dated May 3, 2022, Defendant denied Plaintiff's claim for Long Term Disability benefits under the Any Occupation standard.

14.    Plaintiff, by and through her attorney, Brian Patrick Bronson, Esquire, filed a timely and responsive appeal by letter dated October 4, 2022.

15.    By letter dated January 17, 2023, Defendant upheld their decision to deny Plaintiff's claim for Long Term Disability benefits beyond May 3, 2022.

16.    Plaintiff was awarded Social Security Disability benefits beginning in July 2020, with a date of disability of February 1, 2020, and has continued to receive Social

Security Disability benefits in an uninterrupted fashion at all times relevant to this proceeding.

## CAUSE OF ACTION

**Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.**

17.     Paragraphs 1 through 16 are incorporated herein as if set forth at length.

18.     Plaintiff has exhausted all administrative remedies and mandatory appeals as required by the Plan and ERISA 29 U.S.C. §1001 et seq.

19.     At all times relevant to this action, the Plaintiff has been unable to perform the material duties of any gainful occupation due to diagnoses, symptoms, and functional limitations of Brain Tumor; Right-Sided Weakness and Paralysis; Balance Issues; Headaches; Fatigue; High Blood Pressure; Hypothyroidism; Back and Hip Pain; Degenerative Disc Disease; Spinal Stenosis; and Spondylolisthesis.

20.     The Defendant's actions in denying Plaintiff benefits under the Plan constitutes a violation of 29 U.S.C. § 1132(3)(B)(ii) .

21.     The Defendant ignored pertinent medical evidence and failed to evaluate all of the evidence of record including the medical of Plaintiff's treating physicians.

22.     The Defendant did not conduct a full and fair review of the claim as required by ERISA.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully prays that the Court issue an Order:

(1)      Awarding, declaring or otherwise providing Plaintiff all relief to which

Plaintiff is entitled under ERISA Section 502 Paragraph (a) 29 U.S.C. Section 1132(a);

(2)      Awarding pre and post judgment interests;

(3)      Awarding Plaintiff the costs of this action and reasonable attorneys fees;

(4)      Awarding such other relief as may be just and reasonable.

<u>/s/ Brian Patrick Bronson, Esquire</u>
Brian Patrick Bronson, Esquire (Pa #89035)
Quatrini Law Group, P.C.
550 East Pittsburgh Street
Greensburg, PA  15601
Phone:  (724) 837-0080
Fax:  (724) 837-1348
E-mail:  bbronson@qrlegal.com

Dated:   July 5, 2023